IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 20 2018
PER /\
DEPUTY CLERK

MARKEITH REDDY,

   Petitioner

 v.

WARDEN, SCI-SOMERSET,

   Respondent

CIVIL NO. 3:CV-18-17

(Judge Conaboy)

## MEMORANDUM
### Background

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Markeith Reddy, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset). The required filing fee has been paid.

The SCI-Somerset Superintendent will be deemed the respondent in this matter.[1] Reddy states that he plead guilty to multiple charges in the Chester County Court of Common Pleas. <u>See</u> Doc. 1, ¶¶ 1-6. Petitioner is presently serving a six and a half (6½) to fifteen (15) year term of imprisonment which was imposed on March 10, 2016. A direct appeal was not filed.

Petitioner's present action argues that his guilty plea was

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. <u>See</u> 28 U.S.C. § 2242.

1

unknowing, unintelligent, and involuntary due to ineffective assistance of counsel. Galloway also contends that he was charged with crimes based upon evidence obtained in an illegal search and seizure.

### Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is presently confined at SCI-Somerset which is located within the confines of the United States District Court for the Western District of Pennsylvania. Reddy is attacking the legality of a sentence which was imposed by the Chester County Court of Common Pleas, which is located within the jurisdiction of the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a).

2

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since Petitioner's the state trial court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

*signature*
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 20, 2018

3